Dear Mr. Boagni:
In response to your inquiry of recent date, an alderman of the Town of Grand Coteau cannot hold a position of employment with the town, as such employment would be within the same political subdivision in which he holds elective office, which is violative of R.S. 42:63(D)[1] of the Louisiana Dual Officeholding and Dual Employment Law.
An exception in the law previously allowed an alderman to hold the positions of either town clerk or street commissioner.[2] Act 836 of the 1997 Regular Legislative Session removed this exception from the law, retaining the following language in Section 2 of the Act:
 Any alderman serving as clerk and any mayor or alderman serving as street commissioner on July 10, 1997 may continue to serve in such capacity.
Currently, R.S. 33:381(B) provides:
 B. The mayor and chief of police in all municipalities shall be elected at large. The clerk or chief of police may be a tax collector or assessor, if the board of aldermen so decides. Municipalities where the chief of police is appointed rather than elected as of August 1, 1970, may continue to operate with an appointive chief.
Our response to your first question is that your alderman may not legally hold a position of employment with the town, as such is prohibited by R.S. 42:63(D), and no exceptions exist to that prohibition.
Your second question involves ethical concerns answerable by the Louisiana State Board of Ethics.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:63(D) provides:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
[2] Former R.S. 33:381(B) provided:
The mayor and chief of police in all municipalities shall be elected at large. The street commissioner and clerk may be an alderman, and the mayor may be street commissioner, if the board of aldermen so decides. The clerk or chief of police may be a tax collector or assessor, if the board of aldermen so decides. Municipalities where the chief of police is appointed rather than elected as of August 1, 1970, may continue to operate with an appointive chief.